IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KENYATTA HUDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:12-CV-881-TMH |
| | ) | [WO] |
| | ) | |
| SOUTHERN HEALTH PARTNERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is pending before the court on a 42 U.S.C. § 1983 complaint filed by Kenyatta

Hudson ["Hudson"], an indigent county inmate, on October 11, 2012.  In this complaint, Hudson

challenges the medical treatment provided to him at the Covington County Jail for a pre-arrest injury

to his left knee.

Pursuant to the orders of this court, the defendants filed a written report supported by relevant

evidentiary materials in which they addressed the claims for relief presented by Hudson.  The report

and evidentiary materials refute the self-serving, conclusory allegations presented by Hudson in the

complaint.  Specifically, these documents demonstrate that the defendants did not act with deliberate

indifference towards the plaintiff's injury.

In light of the foregoing, the court issued an order directing Hudson to file a response to the

defendants' written report.  Order of January 2, 2013 - Doc. No. 14.  The order advised Hudson that

his failure to respond to the report would be treated by the court "**as an abandonment of the claims**

**set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in

original).  Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file**

**a response in compliance with the directives of this order**" would result in the dismissal of this

civil action. *Id*. The time allotted Hudson for filing a response in compliance with the directives of

this order expired on January 22, 2013. As of the present date, Hudson has failed to file a requisite

response in opposition to the defendants' written report. The court therefore that concludes this case

should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal

is appropriate. After such review, it is clear dismissal of this case is the proper course of action.

Hudson is an indigent individual. Thus, the imposition of monetary or other punitive sanctions

against him would be ineffectual. Additionally, Hudson's actions indicate a loss of interest in the

continued prosecution of this case and the report filed by the defendants indicates that no violation

of the Constitution occurred. Finally, Hudson has exhibited a lack of deference for this court and

its authority as he has failed to comply with the directives of the orders entered in this case. It is

therefore apparent that any additional effort by this court to secure his compliance would be

unavailing. Consequently, the court concludes that the plaintiff's abandonment of his claims, his

failure to comply with the orders of this court and the lack of merit to his claims warrant dismissal.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that

this case be dismissed without prejudice. It is further

ORDERED that on or before **February 19, 2013,** the parties may file objections to the

Recommendation. Any objections filed must specifically identify the findings in the Magistrate

Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general

objections will not be considered by the District Court. The parties are advised that this

Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 4th day of February, 2013.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE